## David F. Turney, Appellee, v. John W. Coventry, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1913. Reversed with finding of fact. Opinion filed October 16, 1913.

### Statement of the Case.

Action by David F. Turney against John W. Coventry to recover for coal furnished to defendant from plaintiff's coal mine. From a judgment in favor of plaintiff for $113.26, defendant appeals.

TOM HEADEN and RICHARDSON & WHITAKER, for appellant.

STEIDLEY & CROCKETT, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 179*—*rights of third persons under a contract with an agent of an undisclosed principal.* Where a third person who has entered into a contract with an agent in ig-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

norance of the fact that he was not the real principal as he assumed to be is sued upon the contract by the real principal, he may avail himself, as against such principal, of every defense which existed in his favor against the agent at the time the principal first interposed and demanded performance of the contract to himself, and the rule is the same though a credit is sought to be made upon an old account with the agent.

2. PRINCIPAL AND AGENT, § 179*—*when undisclosed principal not entitled to benefit of contract with agents.* Where a third person contracted with former owners of a coal mine for coal to apply on an account owing to him from such owners, such owners being apparently in charge of the mine at the time and such third person having no knowledge that such former owners had leased the mine to another, *held* in an action by the lessee against such third person for the coal furnished that a judgment in favor of plaintiff was not sustained by the evidence, the evidence clearly showing that defendant had no notice of plaintiff's interest in the mine, and that the former owners were apparently in charge thereof in the same capacity as they were previous to the lease.